IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICK ANDERSON; PATTY ANDERSON;          )
SHAWN BAILEY; SARA BAILEY; FRED         )
BLEIGH; GLENNA BLEIGH; ROBERT           )
CARPENTER; MARCIA CARPENTER;            )
SHELIA COLLINS; PATRICIA COX;           )
DANIEL LUKETIC; HEIDI LUKETIC;          )          Civil Action No. 13-1733
DAVID MOONEY; SANDRA PARENTE;           )          United States Magistrate Judge
RONNIE ROUPE; KIM ROUPE; DOMENIC        )          Cynthia Reed Eddy
SANTEUFEMIO; THEODORE SOISSON;          )
FLORENCE SOISSON; STEPHEN TUDOR;        )
TOM WILKINSON; NORMA WILKINSON;         )
JOHN WRIGHT; SANDRA WRIGHT; JOHN        )
YOUNG; ELIZABETH YOUNG,                 )
                                        )
              Plaintiffs,               )
                                        )
         v.                             )
                                        )
FIRSTENERGY GENERATION, LLC,            )
                                        )
              Defendant.                )

**MEMORANDUM ORDER**

Before the Court is Defendant FirstEnergy Generation, LLC's Motion to Transfer Related

Case to the Honorable Nora Barry Fischer.  (ECF No. 8).  For the reasons explained below,

Defendant's Motion is **DENIED**.

Plaintiffs initiated this matter on December 5, 2013 and filed an Amended Complaint on

January 16, 2014. (ECF Nos. 1, 2).  On February 10, 2014,   Defendant filed a Motion with this

Court requesting that the case be transferred to Judge Fischer as a related case pursuant to Local

Civil Rule 40.D.2.  (ECF No. 8).  Defendant argues that this matter is related to a different

lawsuit brought by the Commonwealth of Pennsylvania Department of Environmental Protection

("DEP") against Defendant in 2012, which was assigned to Judge Fischer.  *See Commonwealth*

*of Pennsylvania Department of Environmental Protection v. FirstEnergy Generation Corp.*, Civil Action No. 2:12-cv-01061-NBF ("DEP lawsuit").

Defendant asserts that because this case and the DEP lawsuit both involve the same piece of property, which is a waste disposal impoundment known as Little Blue Run ("impoundment"), the two cases are related. (ECF No. 8). In support of its argument, Defendant points to language in a Consent Decree which provided that Judge Fischer retained jurisdiction over the DEP lawsuit "for purposes of issuing such further orders and directions as may be necessary and appropriate for the implementation or modification of this Consent Decree, and for enforcing compliance with the provisions of this Consent Decree." (*Id.*). The Consent Decree was entered into by the parties and ordered to be followed by Judge Fischer on December 17, 2012. Defendant argues that transferring this case to Judge Fischer will "promote efficiency, cost-effectiveness and consistency in the adjudication" of both lawsuits. (*Id.*). Plaintiffs object to the case being transferred to Judge Fischer, arguing that (1) the "claims are separate and distinct from those litigated by Judge Fischer in the DEP lawsuit," and (2) "transferring this case will only minimally, if at all, promote efficiency, cost-effectiveness, and consistency in adjudication of the two lawsuits." (ECF No. 9).

Local Civil Rule 40.D.2 provides that "civil actions are deemed related when an action filed relates to property included in another action, or involves the same issue of fact, or it grows out of the same transaction as another action . . ." LCvR 40.D.2. Further, "if the fact of relatedness does not become known until after the case is assigned, the Judge receiving the later case may transfer the matter to the Judge to whom the earlier related case was assigned." LCvR 40.E.2.

Although both lawsuits involve the same piece of property, transferring this case to Judge Fischer is not warranted under the circumstances. The DEP lawsuit brought claims under federal and state statutes, however, the present lawsuit is grounded in state common law tort claims. Plaintiffs are not seeking to enforce the Consent Decree from the DEP lawsuit. Moreover, the DEP lawsuit lasted approximately four and a half months and has been closed since December 2012. The docket shows that there were a total seven filings in the DEP lawsuit altogether. In fact, the only filings in the DEP lawsuit were the complaint and documents involving the Consent Decree. Therefore, it cannot be said that transferring this case to Judge Fischer will "promote efficiency, cost-effectiveness and consistency in the adjudication" of both lawsuits, considering the brief amount of involvement the parties had with Judge Fischer as reflected by the docket and the fact that the DEP lawsuit has been closed for more than a year.

For the reasons stated above, Defendants Motion is denied.


By the Court:

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all ECF registered counsel